O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANIE B. BOYER,<br><br>       Plaintiff,<br><br>       v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security,<br><br>       Defendant. | NO. EDCV 07-0058-CT<br><br>OPINION AND ORDER |

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. Section 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

SUMMARY OF PROCEEDINGS

On February 16, 2007, plaintiff, Joanie B. Boyer ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). The parties filed a consent to proceed before the magistrate judge. On May 29, 2007, plaintiff filed a memorandum of points and authorities in support of remand or reversal. On June 29, 2007, the

Commissioner filed a brief in opposition to the relief requested in the complaint.

## SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

In 2002 plaintiff filed an application for Supplemental Security Income ("SSI"), alleging disability since December 1, 2001 due to back, knee and shoulder problems, neck pain, heart murmur, eye problems, psychiatric medication problems and Graves disease. (TR 36, 117).[1] The application was denied initially and upon reconsideration.[2] (TR 19, 31-35, 38-42).

Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 43). On March 24, 2004, plaintiff, represented by an attorney, appeared and testified before an ALJ. (TR 657-76). On June 23, 2004, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, and thus was not eligible for benefits. (TR 24-26). On July 7, 2004, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 56). On August 25, 2004, the Appeals Council remanded the case to the ALJ with a directive to obtain available updated treatment records, to address all relevant lay statements and testimony, address the medical opinion evidence of record, including opinions from State Agency sources, obtain a consultative mental status examination with

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

[2] The administrative record contains material relating to a prior application filed in 2001. That application was denied in April of 2001. (TR 18, 113).

psychological testing and, if warranted by the expanded record, to obtain evidence from a vocational expert. (TR 59-60).

On February 7, 2006, plaintiff, again represented by an attorney, appeared and testified before an ALJ at a second hearing. (TR 677-88). The ALJ also considered vocational expert ("VE") testimony. On September 1, 2006, the ALJ issued a subsequent decision that plaintiff was able to perform light work, but could climb, stoop, kneel and crouch only occasionally. (TR 14). Given this residual functional capacity ("RFC") and even with a limitation to simple, repetitive and routine tasks, the ALJ found that there were thousands of jobs plaintiff could perform and plaintiff was, therefore, not disabled, as defined by the Act. (TR 15-16). On September 12, 2006, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 8). On December 8, 2006, the request was denied. (TR 5). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

### 2. Summary Of The Evidence

The ALJ's decision is attached as an exhibit to this opinion and order and, except as otherwise noted, materially summarizes the evidence in the case.

### PLAINTIFF'S CONTENTIONS

Plaintiff contends as follows:

1. The ALJ failed to properly comply with the Appeals Council Order requiring that he consider the state agency findings;
2. The ALJ failed to properly consider treating psychiatrist Thuy Huynh Nguyen's opinion of disability;

3.   The ALJ failed to properly consider the severity of plaintiff's mental impairment;

4.   The ALJ failed to properly consider the side effects of plaintiff's medication; and,

5.   The ALJ failed to pose a complete hypothetical question to the vocational expert.

## STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

## DISCUSSION

1.   The Sequential Evaluation

A person is "disabled" for the purpose of receiving social

security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled.  First, it is determined whether the person is engaged in "substantial gainful activity."  If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments.  If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work.  If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work.  The person is entitled to benefits only if the person is unable to perform other work.  20 C.F.R. § 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

2.  Issues

      A.    <u>Consideration of Medical Opinion Evidence (Issues 1,2,and 3)</u>

Plaintiff contends that the ALJ failed to comply with the Appeals Council's directive to properly consider the opinions of the state agency physicians and plaintiff's treating psychiatrist, Dr. Thuy Huynh Nguyen, in determining that plaintiff does not have a severe mental impairment.

A severe impairment or combination of impairments is one which significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 416.920(c); <u>see also</u> 20 C.F.R. § 416.921(b)(describing basic work activities). Significantly, plaintiff is not required to establish total disability at this level of the evaluation. Rather, the severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability within the meaning of the Act. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 (1987); <u>see also</u> <u>Webb v. Barnhart</u>,433 F.3d 683, 687 (9th Cir. 2005)("Step two, then, is "'a de minimus screening device [used] to dispose of groundless claims.'")(citing <u>Smolen v. Chater</u>, 80 F. 3d 1273, 1290 (9th Cir. 1996)). An impairment will be considered non-severe when medical evidence establishes only a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on the individual's ability to work even if the individual's age, education, or work experience were specifically considered." Social Security Ruling ("SSR") 85-28; [3] <u>Bowen v.</u>

---

[3] Social Security Rulings do not have the force of law. <u>Paxton v. Secretary of Health & Human Servs.</u>, 856 F.2d 1352, 1356 (9th Cir. 1988). Nevertheless, Social Security Rulings constitute the Social Security Administration's interpretation of

6

Yuckert, 482 U.S. at 154 n.12. "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d at 687 (citing SSR 85-28).

Here, the ALJ found that "there are no more than mild to slight mental functional limitations and these do not support the finding of a 'severe' mental impairment." (TR 15). The ALJ relied on the assessment by the consultative psychiatric examiner, Dr. Linda Smith, who conducted a mental assessment of plaintiff on December 15, 2005. (See TR 615-22). Dr. Smith conceded that she was not given any records to review prior to the examination and her assessment was based solely on the examination. (TR 615). Dr. Smith found that plaintiff has major depression, which had improved, and a mild panic disorder. (TR 620). Dr. Smith concluded that plaintiff's mental impairment caused no more than mild limitations in workplace functioning. (TR 621-22). The ALJ does not reference any other medical opinion concerning plaintiff's mental impairment in the 2006 decision.

In the Appeals Counsel's remand order after the ALJ's first 2004 decision, the Appeals Council directed the ALJ to consider all medical opinion evidence, including the findings of the state agency physicians. (TR 59-60, 492-498).

State agency medical consultants are "highly qualified

---

the statute it administers and of its own regulations, and they are binding on ALJs. Quang Van Han v. Bowen, 882 F.2d 1453, 1457 n.6 (9th Cir. 1989) (citation omitted). Courts defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the Social Security Act or the Commissioner's regulations. Quang Van Han v. Bowen, 882 F.2d at 1458.

physicians" who are also "experts in Social Security disability evaluation." 20 C.F.R. § 416.927(f)(2). "Findings of fact made by State agency medical and psychological consultants . . . regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources." SSR 96-6p. ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions." Id.; see also 20 CFR § 416.927(f)(2).

Here, the state agency psychiatrist, who reviewed plaintiff's records in December of 2002, found that plaintiff was "moderately limited" in her ability to: (1) understand, remember and carry out detailed instructions, (2) maintain attention and concentration for extended periods, (3) complete a normal workday and workweek without interruptions and perform work at a consistent pace, (4) *interact appropriately with the public*, and (5) respond appropriately to changes in the work setting. (TR 492-93)(emphasis added). The state agency psychiatrist further found that plaintiff had moderate difficulties in maintaining social functioning and in maintaining concentration, persistence and pace and was "capable of performing simple, repetitive tasks *w/limited public contact*." (TR 494)(emphasis added). This finding was affirmed by a state agency psychiatrist at the reconsideration level. (TR 494, 495, 498).

The ALJ did not mention these opinions in his 2004 or 2006 decisions as required by SSR 96-6p and, as discussed above, relied solely on the opinion of the consultative examiner who did not review plaintiff's medical records. The ALJ did refer to the fact that the VE testified that plaintiff could perform "thousands of jobs" given

a hypothetical that included a limitation to simple, repetitive tasks. (TR 15, 685-86). However, the hypothetical did not include the limitation regarding contact with the public and the jobs cited by the VE all include public contact. See Dictionary of Occupational Titles ("DOT") No. 211.462-026 [check cashier] (includes jobs involving cashing checks, preparing money orders and receiving payment for utilities bills for customers and collecting and recording fees for check cashing servicing); No. 237.367-022 [information clerk](involves answering inquiries from the public); and, No. 915.473-010 [parking lot attendant] (involves taking tickets and payment from customers who are parking their cars)). In addition, the job of check cashier has a specific vocational preparation ("SVP") level of 3, which requires over a month and up to three months of vocational preparation, see DOT, Appendix C, contrary to the ALJ's statement that all jobs cited are "learnable in less than thirty days with a simple show and do demonstration." (TR 15). Accordingly, the ALJ erred in failing to discuss the state agency psychiatrists' opinions and the error was not harmless. See Stout v. Comm'r Soc. Security Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006)(reviewing cases where harmless error found and finding those cases involved ALJ error that was inconsequential to the ultimate disability determination).

Plaintiff also asserts that the ALJ failed to give proper weight to the opinions of plaintiff's treating psychiatrist, Dr. Nguyen, who filled out a July 2003 assessment at plaintiff's attorney's request. (TR 528). Dr. Nguyen essentially opined that plaintiff's mental impairment precluded her from working. (See TR 569-72). Dr. Nguyen's opinion is contrary to the opinion of Dr. Smith and Dr. Nguyen's

assessed limitations are more severe than those assessed by the State Agency psychiatrist in 2002.

A treating physician's opinion generally is entitled to great weight, but is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citation omitted). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 416.927.

If the treating physician's opinion is contradicted by other doctors, as is the case here, the Commissioner may not reject the opinion without providing "specific and legitimate reasons" for doing so that are supported by substantial evidence. Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (citation omitted).

Here, the ALJ incorporated his prior 2004 decision in which he found that Dr. Nguyen's 2003 assessment "simply parrots the [plaintiff's] assertions according to the physician who signed the forms." (TR 14, 25). In fact, Dr. Nguyen's assessment states that "MD & pt. completed the questionnaire . . . [plaintiff] responded to the questions as follows . . . ." (TR 528, 569, 571). The fact that a doctor's assessment is based on plaintiff's subjective responses to the questions is a specific and legitimate reason for rejecting the doctor's opinion where, as here, the ALJ has properly found plaintiff to be less than fully credible. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001)(where ALJ properly discounted plaintiff's credibility, the ALJ was free to disregard examining physician's opinion, which was premised on plaintiff's subjective complaints).

10

Here, the ALJ found that plaintiff, who is a convicted felon (see TR 618), to be less than fully credible for a number of reasons (see TR 15, 25), a finding which is not challenged here.

Moreover, plaintiff's mental health records, which contain a number of "no-shows" to her appointments (see e.g., TR 529, 538, 539, 549, 557, 645, 649) and refer to her improvement with medication (TR 465, 466, 522, 541, 548, 589, 642, 643, 644, 654), do not indicate that she has the extreme limitations assessed by Dr. Ngyuen in 2003. Indeed, at the hearing on March 24, 2004, plaintiff testified that her medications were working for her and so long as she kept her appointments with Dr. Nguyen and took her medication, she was "fine." (TR 674-75; see also TR 681(reporting at her February 2006 hearing that with the medication her symptoms are "better").

Plaintiff refers to the fact that, on May 30, 2002 at a time when plaintiff was not on medication, a mental health professional gave her a "current" Global Assessment of Functioning" score of 45, which indicates serious symptoms.[4] (TR 476, 481). However, the record also contains a "physician assessment" dated May 30, 2002, which was signed by Dr. Ngyuen and which assigns plaintiff a GAF score of 55-60, indicating only moderate symptoms.[5] (TR 475). Moreover, on July 8,

---

[4]A GAF score between 41 and 50 indicates "**[s]erious symptoms** (e.g., suicidal ideation, severe obessional rituals, frequent shoplifting) **OR any serious impairment in social occupational, or school functioning** (e.g., no friends, unable to keep a job). Diagnostic and Statistical Manual of Mental Disorders at 34(4th ed., Text Revision 2000 (DSM-IV-TR))(emphasis in original).

[5]A GAF score between 51 and 60 indicates "**[m]oderate symptoms** (e.g., flat affect and circumstantial speech, occasional panic attacks) **OR moderate difficulty in social occupational, or school functioning** (e.g., few friends, conflicts with peers or co-workers). Diagnostic and Statistical Manual of Mental

11

1  2003, the same day that Dr. Nguyen filled out the assessment at issue,
2  plaintiff's mental status exam revealed that she was oriented to
3  person, place, time and situation, her speech was coherent, she was
4  goal directed, and her appearance was pleasant, clean and casually
5  dressed. (TR 528). In addition, plaintiff reported only occasional
6  depressive episodes and anxiety about the disability form for her
7  social security claim. (TR 528). The ALJ's consideration of Dr.
8  Nguyen's assessment was free from material error and supported by
9  substantial evidence.

10   Plaintiff may well be able to work. However, the ALJ failed to
11 properly consider the assessment of the state agency physicians.
12 Moreover, while plaintiff's treatment records show that her condition
13 significantly improves when she is on her prescribed medication, the
14 medical evidence, including plaintiff's treatment records, which the
15 consultative examiner did not review, does not "clearly establish"
16 that plaintiff does not have a severe mental impairment. (See, e.g.,
17 TR 497 (state agency psychiatrist's rating of functional limitations);
18 521 (reporting hallucinations "less frequent" on medications but still
19 present); 541 (reporting fifty percent improvement in visual
20 hallucinations with medication); 604 (reporting paranoid ideations);
21 608 (reporting auditory hallucinations)).[6] See Webb v. Barnhart, 433
22 F.3d at 687. As a result, the ALJ's finding that plaintiff's
23 impairment was non-severe is not free from material legal error.

---

Disorders at 34(4th ed., Text Revision 2000 (DSM-IV-TR))(emphasis in original).

[6] Plaintiff's self-reported past history includes past suicide attempts (TR 477), hospitalization (TR 338), and severe symptoms. (TR 217, 228, 239, 302).

12

Accordingly, remand is warranted.[7]

B. <u>Medication Side Effects</u>

Plaintiff also alleges that the ALJ failed to properly consider the side effects of plaintiff's medications.

"Passing mention" of side effects of medication in the record does not require inclusion of side effects in the hypothetical question posed to the VE. <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1164 (9th Cir. 2001). Moreover, side effects not "severe enough to interfere with [plaintiff's] ability to work" are also properly excluded from hypotheticals to the VE. <u>Id.</u> A proper hypothetical may exclude limitations claimed by plaintiff but which the ALJ finds do not exist based on substantial evidence. <u>Rollins v. Massanari</u>, 261 F. 3d 853, 857 (9th Cir. 2001).

Plaintiff testified at the 2006 hearing that her medications make her "tired and groggy." (TR 682). However, the ALJ found plaintiff not fully credible, a finding which, as noted above, plaintiff does not challenge here. Moreover, plaintiff's treating records repeatedly state that plaintiff was not experiencing side effects from her medication, with the exception of isolated instances in which plaintiff self-reported occasional dizziness, for which she was told to "change position," and "dry mouth," for which she was directed to

---

[7]Plaintiff's medical records indicate that she has a history of drug and alcohol abuse. (<u>See</u> TR 204, 206, 470). A plaintiff cannot receive disability benefits "'if alcoholism or drug addition would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled.'" <u>Parra v. Astrue</u>, 481 F.3d 742, 746 (9th Cir. 2007)(quoting 42 U.S.C. § 423(d)(2)(C)). Plaintiff claims to have stopped her substance abuse in approximately December of 2001, the month she is claiming her disability began. (<u>See</u> TR 541, 654).

13

increase her liquid intake. (See, e.g., TR 464, 521, 522, 524, 526, 528, 541).

The ALJ did not materially err in his consideration of plaintiff's testimony concerning the side effects of plaintiff's medications and remand is not warranted on this issue.

### C. Vocational Expert Hypothetical

Finally, plaintiff contends the ALJ erred in failing to give a complete hypothetical to the VE. Specifically, plaintiff contends that the ALJ failed to include in his hypothetical to the VE the limitations resulting from her mental impairment assessed by the state agency physicians and by Dr. Nguyen, and the side effects of plaintiff's medications.

Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of plaintiff. Embrey v. Bowen, 849 F.2d at 422 (emphasis in original). However, a proper hypothetical question may exclude limitations claimed by plaintiff but which the ALJ finds do not exist based on substantial evidence. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

As discussed above, the record does not contain credible evidence of side effects severe enough to interfere with plaintiff's ability to work and the ALJ properly rejected the assessment by Dr. Ngyuen. However, on remand, if VE testimony is necessary, the Commissioner will have an opportunity to pose hypothetical questions to the VE after further consideration of assessments by the state agency physicians and plaintiffs' medical records.

### REMAND IS APPROPRIATE IN THIS CASE

The decision whether to remand a case for additional evidence is

within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). Remand is appropriate if the record is incomplete and additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

Having considered the record as a whole, it appears that the present record is insufficiently developed.

## CONCLUSION

Accordingly, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g) to the Commissioner for further administrative action consistent with this opinion.

DATED: July 2, 2007

                CAROLYN TURCHIN
                CAROLYN TURCHIN
                UNITED STATES MAGISTRATE JUDGE